KOZINSKI, Chief Judge,
with whom
Judges GOULD and N.R. SMITH join, concurring in the denial of rehearing en banc:
Because I decided not to delay further the order denying en banc rehearing, I did not file a concurral on the day of the execution. Nevertheless, I believe it’s important to lay out an argument that I found very persuasive when voting on the en banc call. By the time Beaty asked for a stay, his claim — that the state violated his constitutional rights by substituting pentobarbital for sodium thiopental as the first drug in its three-drug execution protocol — had already been rejected by two other courts of appeals. The Tenth Circuit approved a protocol virtually identical to Arizona’s after allowing the inmate to conduct discovery, submit an expert report and participate in an evidentiary hearing. See Pavatt v. Jones, 627 F.3d 1336, 1338-40 (10th Cir.2010). The Eleventh Circuit approved the substitution of pentobarbital for sodium thiopental just last week. See Powell v. Thomas, 641 F.3d 1255, 1256-58 *1076 (11th Cir.2011) (per curiam). None of Beaty’s filings — not his complaint, nor his motion for a TRO before the district court, nor his emergency motion in our court— suggested any way in which the Tenth or Eleventh Circuits’ analyses were deficient, or that his case differed materially from those of the inmates there.
While these out-of-circuit cases aren’t controlling, I found it significant that the factual and legal issues in Beaty’s claim had been fully considered by these courts. Indeed, the inmate in the Eleventh Circuit had about a month’s notice of the planned drug substitution, yet the best evidence he could produce was the same expert report the Tenth Circuit had rejected. See Powell, 641 F.3d at 1256-58. I didn’t see how Beaty would come up with better evidence if we granted him a stay, or how he’d clear the Supreme Court’s high bar for finding a constitutional violation. See Baze v. Rees, 553 U.S. 35, 49-50, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008) (plurality op.). It was therefore appropriate for the district court to rely on the Tenth and Eleventh Circuits’ analyses in denying Beaty a stay of his execution, and for the three-judge panel to rely on the same reasoning. See Order Denying Mot. for TRO or Prelim. Inj., Beaty v. Brewer, No. CIV 11-1037-PHX-NVW, at 7 (D.Ariz. May 25, 2011) (docket entry # 9) (“[B]oth the Tenth and Eleventh Circuits have found that use of pentobarbital does not create a substantial risk of serious harm.”); see also Beaty v. Brewer, 649 F.3d 1071, 1072 (9th Cir.2011) (“For the reasons expressed by the district court, we conclude that Beaty has failed to satisfy [the standard for a preliminary injunction].”). There was no reason to go en banc and further delay the inevitable.